UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCALS NO. 264 AND 375

                    Plaintiffs,

        v.

NASON'S DELIVERY,

                    Defendant.
_____

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS'
MOTION FOR EXPEDITED
HEARING, PRELIMINARY
INJUNCTION AND
RESTRAINING ORDER**

Case No.: 1:11-cv-00186 WMS

## PLAINTIFFS

International Brotherhood of Teamsters, Locals No. 264 and 375 ("Unions" or "Plaintiffs"), by and through their counsel, Lipsitz Green Scime Cambria LLP, submits this Memorandum of Law in support of its Motion for Expedited Hearing, Preliminary Injunction and Temporary Restraining Order.

## STATEMENT OF FACTS

At all relevant times, Plaintiffs and Defendant Nason's Delivery ("Nason's" or "Defendant") are parties to a valid collective bargaining agreement ("CBA"). *See*, Docket Entry 1 "Notice of Removal" at tab 2. In or about September 2010, Nason's closed their doors and stopped doing business. *Id.* at tab 15., ¶ 2; tab 16., ¶ 2. The Union's alleged in various grievances that the manner in which Nason's ceased operations in September 2010 violated the CBA between the parties. *Id.* at tab 5. and tab 6.

Based on said grievances, Plaintiffs secured four arbitration awards in their favor against Nason's from the New York State Joint Area Committee ("NYSJAC") and the Eastern Region

Joint Area Committee ("ERJAC").  *Id.* tabs 9., 10., 11., 12., and 13.  The awards were rendered on December 21, 2010 and January 25, 2011.  *Id.*

The relevant arbitration awards were granted after full and fair procedures, agreed to by the parties under various collective bargaining agreements between Plaintiffs and Defendant.  *Id.* at tab 1.  Notably, the NYSJAC and ERJAC are both made up of equal numbers of representatives from affiliates of the International Brotherhood of Teamsters as well as from employers bound by agreements with various affiliates of the International Brotherhood of Teamsters.  *Id.*

Defendant had full and fair notice of the arbitration hearings before the NYSJAC and ERJAC, and even met with representatives of Petitioners prior to the arbitration hearings on or about November 6, 2010 in an effort to resolve the relevant grievances.  *Id.* at tab 13., ¶ 6.  Nevertheless, Respondent failed to make an appearance at any of the arbitration hearings before the NYSJAC and ERJAC, and default determinations were made against it.  Id. at tab 9., tab 10., tab 11., tab 12. and tab 13. ¶ 6.

To date, Nason's has refused to comply with the aforementioned arbitration awards.  *Id.* at tab 13. ¶ 7.  It is impossible to determine the exact amount in money damages owed to the Teamsters as a result of the December 21, 2010 and January 25, 2011 arbitration awards, as Nason's has refused its duty under the collective bargaining agreement with the Teamsters to disclose documents necessary for the calculations thereof.  *Id.*

As early as October, 2010, Nason's admitted that it owes money to the employees that Petitioners represent.  *Id.* at tab 8., tab 13. ¶ 8.  Nonetheless, Nason's has failed to make any payments to the employees Petitioners represent, and there is no reason to believe that it will do so at any time.  *Id.* at tab 13. ¶ 8.

Since October 2010, Respondent has begun relocating, and upon information and belief, disposing of some of its assets off of its property at 71 Nasons Boulevard in Springville, New York. *Id.* at tab 13. P 9. Specifically, in or about October 2010, two of Nason's trailers ended up at the Boys and Girls Club in Springville, New York. *Id.* at tab 15 ¶ 13.

Recently, Respondent has stepped up its efforts to relocate, and based upon information and belief, dispose of some of its assets. On Saturday, February 5, 2011, a Nason's truck and trailer were seen off of Nason's property at 71 Nasons Blvd. *Id.* at tab 14. ¶ 6. On Sunday, February 13, 2011, three of Nason's trailers were moved on the property at 71 Nasons Blvd. from storage to outside of the gate. *Id.* at tab 16. ¶ 3. On Sunday, February 14, 2011, a Nason's truck and trailer were moved from 71 Nasons Blvd. to Colden Enterprises. *Id.* at tab 16. ¶ 4. Furthermore, Nason's has been plowing out the parking lot at its property at 71 Nasons Blvd. from February 5, 2011 to February 13, 2011. *Id.* at tab 15. ¶ 4, tab 16. ¶ 3.

Based on information and belief, Respondent is selling or has sold some or all of its trucks, trailers and equipment, and has sold or is looking to sell its property at 71 Nasons Blvd., with the intent of immediately disposing of the proceeds from the sales. *Id.* at tab 13. ¶ 12. Based on information and belief, Respondent is looking to declare bankruptcy. *Id.* at tab 13. ¶ 13.

Respondent has apparently failed to make requisite contributions to E.R.I.S.A. funds in violation of federal law. *Id.* at tab 13. ¶ 14. A Federal Court case against Nason's is currently pending in the Northern District of New York regarding Nason's failure to remit pension and health care contributions to the New York State Teamsters Conference Pension and Retirement Fund. *Id.*, *see also,* N.D.N.Y. case no.: 5:2010-cv-01466 (Mordue).

3

Respondent has a legal obligation under Article 6 of New York State Labor Law to pay employees for accrued vacation time and other unpaid wages. To date, Nason's has failed to pay said wages to employees represented by the Teamsters in violation of New York State Labor Law. *See*, Docket Entry 1 "Notice of Removal" at tab 8.

Plaintiffs filed an Order to Show Cause with the State of New York Supreme Court for Erie County dated February 22, 2011. *Id*. at tab 17. Plaintiffs sought a temporary restraining order, order of attachment, or the grant of relief requested in their Petition to Confirm Arbitration Award. *Id.* Before Defendant Nason's filed its Notice of Removal with this court, the parties were scheduled to appear before J.S.C. Patrick H. NeMoyer on March 8, 2011. *See*, March 14, 2011 Declaration of John M. Lichtenthal, Esq. ("Attorney Declaration") at ¶ 5. Defendants removed this action to federal court by way of a notice of removal filed March 7, 2011. *See*, Docket Entry 1 "Notice of Removal."

After removing this action to federal court, Nason's prepared several of its trucks and/or trailers for what appears to be an impending auction. *See*, Second Affidavit of Allen Hauri at ¶ 4 ("Second Hauri Affidavit").

## ARGUMENT

### I. STANDARDS FOR PRELIMINARY AND TEMPORARY INJUNCTIVE RELIEF.

The standard in the Second Circuit for obtaining a preliminary injunction and temporary restraining order "calls for a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)(internal citations and quotations omitted).

### II. PLAINTIFFS SHOULD BE GRANTED A PRELIMINARY INJUNCTION.

Since September of 2010, Nason's has refused to abide by the CBA between the parties. Plaintiffs filed grievances against Nason's for its breach of the CBA, and received favorable determinations before neutral bodies charged with arbitrating grievances between the parties. *See*, Docket Entry 1 "Notice of Removal" at tab 9. and tab 10. Nason's has failed to abide by the arbitration decisions from the neutral bodies it had a contractual obligation to follow. *Id.* at tab 13. ¶ 7. Likewise, Nason's has apparently refused to make necessary contributions to the New York State Teamsters Conference Pension and Retirement Fund. *Id.* at ¶ 14. Nason's has refused to pay wages due to several – if not all – of its former employees. Attorney Declaration at ¶ 6. While it promised to pay accrued benefits in October 2010, Nason's has continued to

5

refuse to do so.  *See*, Docket Entry 1 "Notice of Removal" at tab 8. and tab 13. ¶ 8.  Based upon information and belief, Nason's is also seeking to declare bankruptcy.  *Id.* at tab 13. ¶ 13.

Furthermore, Nason's is looking to liquidate (or has already liquidated) some or all of its assets with the intention of immediately disposing of said assets.  *Id.* at tab 13. ¶ 12.  It has moved several of its trucks and trailers, and is apparently preparing the rest of its assets for some sort of auction.  *Id.* at tab14., tab 15., tab 16., Second Hauri Affidavit at ¶ 4.

Nason's failed to even make an appearance at the arbitration hearings before the New York State Joint Area Committee ("NYSJAC") and the Eastern Region Joint Area Committee ("ERJAC").  *See*, Docket Entry 1 "Notice of Removal" at 13. ¶ 6.  Defendant had full and fair notice of the hearings, and even participated in a meeting with Plaintiffs prior to the arbitrations in a failed effort to resolve the grievances.  *Id.*  Plaintiffs are likely to succeed on its Petition to Confirm Arbitration Award, as no good reason exists why Defendant should not abide by the relevant awards.  *See also,* Point III, *infra*.

Clearly, Defendant has no intention of abiding by its CBA with the Plaintiffs, has no intention of abiding by its legal obligation to pay wages and benefits due to its former employees under New York State Law, has no intention of making necessary contributions to the relevant E.R.I.S.A. benefits fund, and has no intention of abiding by the arbitration decisions obtained from Plaintiffs' grievances.  Further, since it is at present clearly looking to dispose of its assets in a manner outside the direction of a bankruptcy court, Nason's is obviously looking to deprive Plaintiffs of the benefits due under the CBA and required by the relevant arbitration decisions.

Therefore, Plaintiffs face an imminent and irreparable harm in Defendant's attempt to liquidate its assets and dispose of the proceeds in a manner it sees fit, in order to deprive Plaintiffs of the proper award under the relevant arbitration agreements.  Should Defendant's

actions not be enjoined, it doubtlessly would dispose of all of its assets, leaving Plaintiffs with an empty bin from which to collect on the damages due its members under the relevant arbitration awards. This court should grant Plaintiffs' request for a preliminary injunction until such time as the court is ready to make a ruling on Plaintiffs' Petition to Confirm an Arbitration Award.

### III. THIS COURT SHOULD CONFIRM THE RELEVANT ARBITRATION AWARDS.

Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 (1982) sets forth the procedures under which arbitration awards are to be confirmed by district courts. Specifically, the statute provides that the district court **must** grant a petition to confirm an arbitration award if it properly is brought within one year of the award, unless one of the statutory bases for vacating or modifying the award is established. *See,* 9 U.S.C. §§ 9 and 10; *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 707 (2d Cir. 1985).

> Arbitration awards may be vacated in the following circumstances:
>
> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. There exists no such grounds in this action to vacate the relevant arbitration awards rendered by the NYSJAC or ERJAC. This court is therefore be required to confirm the relevant arbitration awards. 9 U.S.C. § 9; *Smiga*, 766 F.2d at 707.

### IV. THIS COURT SHOULD EXPEDITE THIS PROCEEDING.

Given the Defendant's failure to abide by the terms of the parties' CBA, its failure to abide by the relevant arbitration decisions, its apparent unlawful refusal to make necessary

7

contributions to E.R.I.S.A. benefit funds, its refusal to pay wages and benefits in violation of New York State law, its apparent attempts to allocate assets outside of and independent of a bankruptcy filing, its refusal to act upon the representation of its own legal counsel that it "intends to pay accrued benefits" to former employees (*see*, Docket Entry 1 "Notice of Removal" at tab 8), its removal of this action to this court followed almost immediately by actions consistent with holding an auction to liquidate the remainder of its assets, it is clear that this matter should be addressed and resolved by this court as soon as possible.

Further, Plaintiffs seek merely to have final and binding arbitration awards enforced against Defendant. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984). Consequently, there is no good reason why this matter cannot be immediately addressed by this Court, excepting the court's own scheduling issues, as Plaintiffs merely ask the Court to confirm what the Defendant had reasonable opportunity to address at the relevant arbitration proceedings.

### IV. IF THIS COURT DOES NOT SEE FIT TO IMMEDIATELY CONFIRM THE RELEVANT ARBITRATION AWARDS, IT SHOULD ISSUE A TEMPORARY RESTRAINING ORDER.

Should this Court decide that Plaintiffs are not immediately entitled to the confirmation of the relevant arbitration awards, the Unions request that the Court impose a temporary restraining order pursuant to Fed. R. Civ. Pro. 65 (b) in order to protect Plaintiffs from Nason's apparent attempts to liquidate its assets in a manner meant to deprive Plaintiffs of the benefits due under the CBA and the relevant arbitration awards.

**CONCLUSION**

The Court should enjoin Defendant from disposing of its assets in such a manner as to deprive Plaintiffs of the benefits due under the terms of the CBA until such time as the pending Petition to Confirm Arbitration Award can be addressed by the Court.  Plaintiffs likewise request that said petition be addressed on an expedited basis, and either immediately confirmed by this Court, or in the alternative, that a temporary restraining order be imposed until such time that the Court deems it proper to confirm the relevant arbitration awards.

Date:  March 14, 2011                                Respectfully submitted,
     Buffalo, New York

**LIPSITZ GREEN SCIME CAMBRIA LLP**
*Attorneys for Plaintiffs*


 /s/ John M. Lichtenthal              
John M. Lichtenthal, Esq.
42 Delaware Avenue, Suite 120
Buffalo, NY 14202-3924
Phone: (716) 849-1333 ext. 343
FAX:    (716) 855-1580)
jlichtenthal@lglaw.com


TO:    Thomas G. Eron, Esq.
       Bond, Schoeneck & King, PLLC
       *Attorneys for Defendant*
       One Lincoln Center
       Syracuse, NY 13202
       (315) 218-8000